**Feldman v. Allstate Insurance Company**

*Eric S. Plaum*, for plaintiff.
*David Rovner*, for defendant.

LORD, *J.*, April 29, 1983—This matter involves an attempt by defendant Allstate Insurance Company to use the Pennsylvania No-fault Motor Vehicle Act, 40 Pa.C.S. §1009.101 et seq., to compel a claimant under that act to submit to rehabilitative training as selected by defendant and General Rehabilitation Services, Inc. Defendant argues its petition is provided for by §404, 405 and 406 of the No-fault Act.

Respondent/plaintiff Tammy Feldman was seriously injured in an automobile accident. She submitted an application for no-fault benefits to Allstate Insurance Company seeking both medical and work-loss benefits. She received some, but not all of the benefits she claimed she was entitled to and so brought an action in assumpsit against Allstate for the rest of her claimed losses. At that time, petitioner and respondent agreed that petitioner, who had filed an earlier version of the instant petition, would withdraw the earlier petition and re-file it as part of the present action.

Sections 404 and 405 of the No-fault Act state as follows:

"§404. Court order; obligor responsibility.

"(a) Court order. — After a hearing upon application by any interested person and reasonable notice to all other interested persons, and upon findings

supported by evidence, a court of competent jurisdiction may enter an order determining that an obligor of basic-loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified procedure or treatment for rehabilitation to which the injured person has submitted or does thereafter submit.

"(b) Findings. — The findings required to support such an order are:

"(1) that the specified course of procedure or treatment, whether or not involving surgery, is recognized and acceptable medically or is acceptable nonmedical remedial Christian Science treatment and care;

"(2) that it has contributed or will contribute substantially to rehabilitation; and

"(3) that the cost of such procedure or treatment is reasonable in relation to its probable rehabilitative effects.

"§405. Court order; rehabilitative training.

"(a) Court order. — After a hearing upon application by any interested person and reasonable notice to all other interested persons, and upon findings supported by evidence, a court of competent jurisdiction may enter an order determining that an obligor of basic loss benefits applicable to an injury is responsible, subject to the limits and other terms and conditions of the coverage, for the cost of a specified course of rehabilitative occupational training that the injured person has taken or does thereafter take.

"(b) Findings. — The findings required to support such an order are:

"(1) that the specified course of occupational training is a recognized form of training and is reasonable and appropriate for the particular case;

"(2) that is has contributed or will contribute substantially to rehabilitation; and

"(3) that the cost of such training is reasonable in relation to its probable rehabilitative effects." 40 Pa.C.S. §§1009.404-405.

Section 404 provides the mechanism by which an "interested party" may petition the court to have a determination of the obligor's responsibility for the costs of rehabilitative treatment. Section 405 is identical except that it applies to "rehabilitative occupational training."

Section 406 of the No-fault Act states:

"§1009.406 Compliance with court order

"(a) Order of compliance. — After a hearing upon application by any interested person and reasonable notice to all other interested persons, and upon findings, supported by evidence as stated in §404 or §405 and further findings:

"(1) that the injured person has refused or has by his conduct caused the obligor reasonably to believe that he may refuse to submit to such procedure, treatment, or training; and

"(2) that he does not have reasonable grounds to continue such refusal, a court of competent jurisdiction may enter an order invoking reasonable sanctions against the injured person and others whose claims are based on his injury.

"(b) Refusal to comply. — In determining whether an injured person has reasonable grounds for continuing refual to submit to the specified procedure, treatment, or training, the court shall take into account, among all other relevant factors, the extent of the probable benefit, the attendant risks, the extent to which the procedure, treatment, or training is or is not recognized as standard and customary, and whether the imposition of sanctions because of

the injured person's refusal would abridge his constitutional rights.

"(c) Sanctions. — The sanctions that may be invoked in such an order include, but are not limited to, the following:

"(1) An order that benefits be reduced or terminated at such time as necessary to limit recovery of benefits to an amount equal to the benefits that in reasonable probability would have been due had the injured person submitted to such rehabilitative procedure, treatment, or training.

"(2) An order that the physical or mental condition of the injured person shall be taken to be established for the purposes of the claim in accordance with the contention of the insurer.

"(3) An order that, if the insurer elects to pay a specified lump sum (found to be fair and reasonable compensation in lieu of benefits that in reasonable probability would be due if the injured person submitted to the specified procedure, treatment, or training) it shall be fully discharged from all liability arising from the injury." 40 Pa.C.S. §1009.406. This section provides the mechanism whereby an "interested person," may petition the court for a compliance order once the obligor's responsibility is determined under §404 or 405.

Allstate apparently has read these three sections of the No-fault Act in conjunction as a vehicle to impose as a claimant the treatment, either rehabilitative or occupational therapy, which it thinks best. Although Allstate probably is an "interested party" for purposes of these sections, there are other considerations besides the obligor's desire to limit its future exposure for basic-loss benefits.

In the recent supplement to the "bible" of the Pennsylvania No-fault Act, Shrager writes:

"There is no reason to suppose that an obligor may not take advantage of sections 404 and 405 as an "interested person" in cases in which the carrier believes that a particular course of rehabilitative treatment or occupational training will benefit the claimant and thus presumably limit its future exposure for basic-loss benefits. This is a technique by which the carrier can attempt to assert an element of control over the medical care of a claimant who is undergoing lengthy treatment by a private physician *without apparent significant improvement.* In this context §§404 and 405 should be read together with §406. The latter section contemplates that the court may order appropriate sanctions against a claimant who unreasonably declines to submit to a proposed course of treatment or training." Shrager, Ed., The Pennsylvania No-fault Motor Vehicle Insurance Act, at 30 (1983 Supplement). (Emphasis supplied.) The key phrase here is that which is underlined — "without apparent significant improvement." Allstate makes no mention here of any treatment currently being received by the claimant. Claimant's attorney however, has alleged that claimant is already receiving rehabilitative treatment with which she has made great progress. This is a vital fact which must be determined before any obligor can proceed as Allstate has. Claimant is entitled to a hearing to determine whether the obligor is responsible for the rehabilitative treatment she has chosen. Only then, and only if one of the required findings enumerated by §§404 and 405 is not so found, will this court permit the obligor to proceed as Mr. Shrager has suggested.

Accordingly, this court will order a hearing on the question of the acceptability of claimant's present treatment in accordance with §§404 and 405.

## ORDER

And now, this April 29, 1983, it is hereby ordered that a hearing will be heard on May 12, 1983 on the petition for rehabilitative training in the above-captioned matter, in courtoom 907, 5 Penn Center at 10 a.m.